## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

PLASTIC OMNIUM ADVANCED
INNOVATION AND RESEARCH,

Plaintiff,

v.

DONGHEE AMERICA, INC. and
DONGHEE ALABAMA, LLC,

Defendants.

Civil Action No. _____

**JURY TRIAL DEMANDED**

Plaintiff Plastic Omnium Advanced Innovation and Research ("Plastic Omnium"), by and through its attorneys, for its Complaint against Defendants Donghee America, Inc. ("Donghee America") and Donghee Alabama, LLC ("Donghee Alabama") (collectively, "Defendants") alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action for infringement of United States Patent Nos. 6,814,921; 6,866,812; 7,166,253; 8,122,604; 8,163,228; 8,591,798; and 9,079,490 (the "Asserted Patents") under the U.S. Patent Act based on Defendants' unauthorized manufacture, use, offer for sale, and sale of fuel tanks using Plastic Omnium's patented technologies in the United States.

## PARTIES

1.      Plaintiff Plastic Omnium is a Societe Anonyme organized under the laws of Belgium and has its principal place of business in Brussels, Belgium. Plastic Omnium manufactures and distributes plastic fuel systems for automotive fuel applications. Plastic Omnium was formerly named "Inergy Automotive Systems Research" prior to a corporate name

change. Plastic Omnium derives revenue from the sale of fuel tank assemblies in the United States by its sister companies within the Plastic Omnium group that are in direct competition with Defendants.

2.      Defendant Donghee America is a Corporation organized under the laws of Delaware and has its principal place of business in Auburn, Alabama. Upon information and belief, Defendant Donghee America manages and finances the operations of Defendant Donghee Alabama.

3.      Defendant Donghee Alabama is a Limited Liability Company organized under the laws of Delaware and has its principal place of business in Auburn, Alabama. Upon information and belief, Defendant Donghee Alabama was originally named Donghee Kautex, LLC in furtherance of a joint venture, now dissolved, between Donghee and third party Kautex, Inc. ("Kautex"), formed for the purpose of manufacturing automotive fuel tanks.

4.      Upon information and belief, Defendants jointly manufacture, sell, and distribute automotive fuel tanks to car manufactures in the United States.

## JURISDICTION

5.      This lawsuit is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.* This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant Donghee America at least because Donghee America is incorporated in Delaware. Donghee America has purposefully availed itself of the rights and benefits of Delaware law.

7. This Court has personal jurisdiction over Defendant Donghee Alabama at least because Donghee Alabama is incorporated in Delaware. Donghee Alabama has purposefully availed itself of the rights and benefits of Delaware law.

## VENUE

8. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b) because Defendants reside in Delaware.

## FACTS

### The Asserted Patents

9. The Asserted Patents generally relate to the manufacture of automotive fuel tanks, using a process known in the industry as "twin-sheet blow molding." Plaintiff Plastic Omnium has an extensive patent portfolio relating to twin-sheet blow molding technologies used in the manufacture of automotive fuel tanks. The twin-sheet blow molding technologies invented by Plastic Omnium provide substantial efficiencies and advantages in the manufacture of automotive fuel tanks.

10. United States Patent Number 6,814,921 ("the '921 patent"), entitled Method for Making a Fuel Tank in Plastic Material, was duly and legally issued on November 9, 2004, and names Jules-Joseph Van Schaftingen, Yannick Gerard, Serge Dupont, and Stephane Leonard as the inventors. Attached as Exhibit A is a true and correct copy of the '921 patent.

11. Plastic Omnium is the assignee of the entire right, title, and interest in the '921 patent.

12. United States Patent Number 6,866,812 ("the '812 patent"), entitled Process for Manufacturing Hollow Plastic Bodies, was duly and legally issued on March 15, 2005, and names Jules-Joseph Van Schaftingen, Yannick Gerard, Stéphane Leonard, Serge Dupont, and

3

Joël Op De Beeck as the inventors. Attached as Exhibit C is a true and correct copy of the '812 patent.

13.     Plastic Omnium is the assignee of the entire right, title, and interest in the '812 patent.

14.     United States Patent Number 7,166,253 ("the '253 patent"), entitled Process for Manufacturing Hollow Plastic Bodies, was duly and legally issued on January 23, 2007, and names Jules-Joseph Van Schaftingen, Yannick Gerard, Stéphane Leonard, Serge Dupont, and Joël Op De Beeck as the inventors. Attached as Exhibit E is a true and correct copy of the '253 patent.

15.     Plastic Omnium is the assignee of the entire right, title, and interest in the '253 patent.

16.     United States Patent Number 8,122,604 ("the '604 patent"), entitled Method for Fastening an Accessory to a Plastic Fuel Tank, was duly and legally issued on February 28, 2012, and names Frederic Jannot, Bjorn Criel, Hugues Masse, Barbara Mabed, and Herve Lemoine as the inventors. Attached as Exhibit G is a true and correct copy of the '604 patent.

17.     Plastic Omnium is the assignee of the entire right, title, and interest in the '604 patent.

18.     United States Patent Number 8,163,228 ("the '228 patent"), entitled Method for Manufacturing a Plastic Fuel Tank, was duly and legally issued on April 24, 2012, and names Bjorn Criel and Hervé Lemoine as the inventors. Attached as Exhibit I is a true and correct copy of the '228 patent.

19.     Plastic Omnium is the assignee of the entire right, title, and interest in the '228 patent.

4

20.     United States Patent Number 8,591,798 ("the '798 patent"), entitled Method for Fastening an Accessory in a Plastic Fuel Tank, was duly and legally issued on November 26, 2013, and names Bjorn Criel, Jules-Joseph Van Schaftingen, and Pascal De Henau as the inventors. Attached as Exhibit K is a true and correct copy of the '798 patent.

21.     Plastic Omnium is the assignee of the entire right, title, and interest in the '798 patent.

22.     United States Patent Number 9,079,490 ("the '490 patent"), entitled Method for Fastening an Accessory to a Plastic Fuel Tank, was duly and legally issued on July 14, 2015, and names Hervé Lemoine and Frédéric Jannot as the inventors. Attached as Exhibit M is a true and correct copy of the '490 patent.

23.     Plastic Omnium is the assignee of the entire right, title, and interest in the '490 patent.

**Defendants' Infringing Activities**

24.     Upon information and belief, Defendants have and continue to infringe the Asserted Patents by, among other things, manufacturing and selling automotive fuel tanks that embody Plaintiff Plastic Omnium's patented inventions. Such automotive fuel tanks include at least the LFA (Sonata) Fuel Tank Assembly manufactured at Defendants' Auburn, Alabama manufacturing facility for the Hyundai Sonata model years 2014-2019. Donghee America financed and opened Defendants' manufacturing facility on or around 2013.

25.     Upon information and belief, on or around the early 2010s, Defendants' Korean parent, third party Donghee Industrial Do., Ltd. ("Donghee Ltd."), sought to supply automotive fuel tanks to automobile manufacturers in the United States. At that time, Donghee Ltd. did not

possess the technology or know-how to produce fuel tank systems that met customer specifications and cost requirements in the United States.

26.     Upon information and belief, Defendant Donghee Alabama is the result of a joint venture involving third party Kautex to manufacture automotive fuel tanks. Such joint venture was originally named "Donghee Kautex, LLC" ("Donghee-Kautex"). Donghee-Kautex changed its name to "Donghee Alabama, LLC" in December 2014. Defendants' fuel tanks for the LFA (Sonata) Fuel Tank Assembly still bear the name "Donghee-Kautex" molded into the tanks.

27.     Upon information and belief, Kautex brought to the joint venture Kautex's knowledge of twin-sheet blow molding. Kautex's use of twin-sheet blow molding technologies was described at the tank.tech 2009 conference in a presentation by Carsten Elsasser and Dirk Eulitz entitled "Next Generation Fuel System (NGFS) The way for the future." (November 10-11, 2009).

28.     Prior to the formation of Donghee-Kautex, Kautex was aware of Plaintiff Plastic Omnium's patent portfolio relating to twin-sheet blow molding, including the Asserted Patents. Upon information and belief, through Defendants' relationship with Kautex, including the formation of the joint venture that eventually became Defendant Donghee Alabama, Defendants knew or should have known that they were infringing the Asserted Patents.

29.     Defendants were also given notice on February 25, 2016, that their manufacture, sale, use, and/or offer for sale of, at a minimum, Hyundai Sonata fuel tanks manufactured using technology inherited from Kautex for the joint venture, infringes the Asserted Patents.

30.     Defendants have known of the existence of the Asserted Patents, and their acts of infringement have been willful and in disregard for the Asserted Patents, without any reasonable basis for believing that they had a right to engage in the infringing conduct.

31.     Plastic Omnium has suffered damage as a result of Defendants' infringing activities to date. Upon information and belief, Defendants have been, and will continue to, unless enjoined by this Court, infringe the Asserted Patents by making, at a minimum, LFA (Sonata) Fuel Tank Assemblies.

32.     This is an exceptional case as that term is used in 35 U.S.C. § 285.

## COUNT ONE

### (Infringement of U.S. Patent No. 6,814,921)

33.     Plastic Omnium repeats and realleges paragraphs 1 through 32 hereof, as if fully set forth herein.

34.     Defendants, in violation of 35 U.S.C. § 271(a), have been and are directly infringing the '921 patent through manufacture, sale, and offer for sale of, at a minimum, LFA (Sonata) Fuel Tank Assemblies in the United States, literally or through the doctrine of equivalents. Attached as Exhibit B is a preliminary claim chart showing by way of non-limiting example how Defendants directly infringe at least claim 1 of the '921 patent.

35.     Defendants, in violation of 35 U.S.C. § 271(b), have been and are indirectly infringing the '921 patent by actively, knowingly, and intentionally inducing infringement of the '921 patent by others, including Defendants' customers. Since Defendants have been aware of the '921 patent, Defendants have known and intended that its customers engage in acts of infringement that include the use and sale of Defendants' infringing fuel tank assemblies and/or automobiles incorporating Defendants' infringing fuel tank assemblies.

36.     Defendants' acts of infringement of the '921 patent have caused and will continue to cause Plastic Omnium damages for which Plastic Omnium is entitled to compensation pursuant to 35 U.S.C. § 284, including lost profits and/or a reasonably royalty. But for

Defendants' infringement of the '921 patent, a Plastic Omnium group company would have sold the LFA (Sonata) Fuel Tank Assemblies to Hyundai, and Plastic Omnium would have made additional profits.

37.     Defendants' infringement of the '921 patent has been, and continues to be knowing, intentional, and willful.

38.     Defendants' acts of infringement of the '921 patent have caused and will continue to cause Plastic Omnium immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Plastic Omnium has no adequate remedy at law.

## COUNT TWO

### (Infringement of U.S. Patent No. 6,866,812)

39.     Plastic Omnium repeats and realleges paragraphs 1 through 32 hereof, as if fully set forth herein.

40.     Defendants, in violation of 35 U.S.C. § 271(a), have been and are directly infringing the '812 patent through manufacture, sale, and offer for sale of, at a minimum, LFA (Sonata) Fuel Tank Assemblies in the United States, literally or through the doctrine of equivalents. Attached as Exhibit D is a preliminary claim chart showing by way of non-limiting example how Defendants directly infringe at least claim 1 of the '812 patent.

41.     Defendants, in violation of 35 U.S.C. § 271(b), have been and are indirectly infringing the '812 patent by actively, knowingly, and intentionally inducing infringement of the '812 patent by others, including Defendants' customers. Since Defendants have been aware of the '812 patent, Defendants have known and intended that its customers engage in acts of

infringement that include the use and sale of Defendants' infringing fuel tank assemblies and/or automobiles incorporating Defendants' infringing fuel tank assemblies.

42.     Defendants' acts of infringement of the '812 patent have caused and will continue to cause Plastic Omnium damages for which Plastic Omnium is entitled to compensation pursuant to 35 U.S.C. § 284, including lost profits and/or a reasonably royalty. But for Defendants' infringement of the '812 patent, a Plastic Omnium group company would have sold the LFA (Sonata) Fuel Tank Assemblies to Hyundai, and Plastic Omnium would have made additional profits.

43.     Defendants' infringement of the '812 patent has been, and continues to be knowing, intentional, and willful.

44.     Defendants' acts of infringement of the '812 patent have caused and will continue to cause Plastic Omnium immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Plastic Omnium has no adequate remedy at law.

## **COUNT THREE**

### **(Infringement of U.S. Patent No. 7,166,253)**

45.     Plastic Omnium repeats and realleges paragraphs 1 through 32 hereof, as if fully set forth herein.

46.     Defendants, in violation of 35 U.S.C. § 271(a), have been and are directly infringing the '253 patent through manufacture, sale, and offer for sale of, at a minimum, LFA (Sonata) Fuel Tank Assemblies in the United States, literally or through the doctrine of equivalents. Attached as Exhibit F is a preliminary claim chart showing by way of non-limiting example how Defendants directly infringe at least claim 1 of the '253 patent.

47.     Defendants, in violation of 35 U.S.C. § 271(b), have been and are indirectly infringing the '253 patent by actively, knowingly, and intentionally inducing infringement of the '253 patent by others, including Defendants' customers. Since Defendants have been aware of the '253 patent, Defendants have known and intended that its customers engage in acts of infringement that include the use and sale of Defendants' infringing fuel tank assemblies and/or automobiles incorporating Defendants' infringing fuel tank assemblies.

48.     Defendants' acts of infringement of the '253 patent have caused and will continue to cause Plastic Omnium damages for which Plastic Omnium is entitled to compensation pursuant to 35 U.S.C. § 284, including lost profits and/or a reasonably royalty. But for Defendants' infringement of the '253 patent, a Plastic Omnium group company would have sold the LFA (Sonata) Fuel Tank Assemblies to Hyundai, and Plastic Omnium would have made additional profits.

49.     Defendants' infringement of the '253 patent has been, and continues to be knowing, intentional, and willful.

50.     Defendants' acts of infringement of the '253 patent have caused and will continue to cause Plastic Omnium immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Plastic Omnium has no adequate remedy at law.

## COUNT FOUR

### (Infringement of U.S. Patent No. 8,122,604)

51.     Plastic Omnium repeats and realleges paragraphs 1 through 32 hereof, as if fully set forth herein.

52.     Defendants, in violation of 35 U.S.C. § 271(a), have been and are directly infringing the '604 patent through manufacture, sale, and offer for sale of, at a minimum, LFA (Sonata) Fuel Tank Assemblies in the United States, literally or through the doctrine of equivalents. Attached as Exhibit H is a preliminary claim chart showing by way of non-limiting example how Defendants directly infringe at least claim 1 of the '604 patent.

53.     Defendants, in violation of 35 U.S.C. § 271(b), have been and are indirectly infringing the '604 patent by actively, knowingly, and intentionally inducing infringement of the '604 patent by others, including Defendants' customers. Since Defendants have been aware of the '604 patent, Defendants have known and intended that its customers engage in acts of infringement that include the use and sale of Defendants' infringing fuel tank assemblies and/or automobiles incorporating Defendants' infringing fuel tank assemblies.

54.     Defendants' acts of infringement of the '604 patent have caused and will continue to cause Plastic Omnium damages for which Plastic Omnium is entitled to compensation pursuant to 35 U.S.C. § 284, including lost profits and/or a reasonably royalty. But for Defendants' infringement of the '604 patent, a Plastic Omnium group company would have sold the LFA (Sonata) Fuel Tank Assemblies to Hyundai, and Plastic Omnium would have made additional profits.

55.     Defendants' infringement of the '604 patent has been, and continues to be knowing, intentional, and willful.

56.     Defendants' acts of infringement of the '604 patent have caused and will continue to cause Plastic Omnium immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Plastic Omnium has no adequate remedy at law.

## COUNT FIVE

**(Infringement of U.S. Patent No. 8,163,228)**

57.     Plastic Omnium repeats and realleges paragraphs 1 through 32 hereof, as if fully set forth herein.

58.     Defendants, in violation of 35 U.S.C. § 271(a), have been and are directly infringing the '228 patent through manufacture, sale, and offer for sale of, at a minimum, LFA (Sonata) Fuel Tank Assemblies in the United States, literally or through the doctrine of equivalents. Attached as Exhibit J is a preliminary claim chart showing by way of non-limiting example how Defendants directly infringe at least claim 1 of the '228 patent.

59.     Defendants, in violation of 35 U.S.C. § 271(b), have been and are indirectly infringing the '228 patent by actively, knowingly, and intentionally inducing infringement of the '228 patent by others, including Defendants' customers. Since Defendants have been aware of the '228 patent, Defendants have known and intended that its customers engage in acts of infringement that include the use and sale of Defendants' infringing fuel tank assemblies and/or automobiles incorporating Defendants' infringing fuel tank assemblies.

60.     Defendants' acts of infringement of the '228 patent have caused and will continue to cause Plastic Omnium damages for which Plastic Omnium is entitled to compensation pursuant to 35 U.S.C. § 284, including lost profits and/or a reasonably royalty. But for Defendants' infringement of the '228 patent, a Plastic Omnium group company would have sold the LFA (Sonata) Fuel Tank Assemblies to Hyundai, and Plastic Omnium would have made additional profits.

61.     Defendants' infringement of the '228 patent has been, and continues to be knowing, intentional, and willful.

62.     Defendants' acts of infringement of the '228 patent have caused and will continue to cause Plastic Omnium immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Plastic Omnium has no adequate remedy at law.

## COUNT SIX

### (Infringement of U.S. Patent No. 8,591,798)

63.     Plastic Omnium repeats and realleges paragraphs 1 through 32 hereof, as if fully set forth herein.

64.     Defendants, in violation of 35 U.S.C. § 271(a), have been and are directly infringing the '798 patent through manufacture, sale, and offer for sale of, at a minimum, LFA (Sonata) Fuel Tank Assemblies in the United States, literally or through the doctrine of equivalents. Attached as Exhibit L is a preliminary claim chart showing by way of non-limiting example how Defendants directly infringe at least claim 1 of the '798 patent.

65.     Defendants, in violation of 35 U.S.C. § 271(b), have been and are indirectly infringing the '798 patent by actively, knowingly, and intentionally inducing infringement of the '798 patent by others, including Defendants' customers. Since Defendants have been aware of the '798 patent, Defendants have known and intended that its customers engage in acts of infringement that include the use and sale of Defendants' infringing fuel tank assemblies and/or automobiles incorporating Defendants' infringing fuel tank assemblies.

66.     Defendants' acts of infringement of the '798 patent have caused and will continue to cause Plastic Omnium damages for which Plastic Omnium is entitled to compensation pursuant to 35 U.S.C. § 284, including lost profits and/or a reasonably royalty. But for Defendants' infringement of the '798 patent, a Plastic Omnium group company would have sold

the LFA (Sonata) Fuel Tank Assemblies to Hyundai, and Plastic Omnium would have made additional profits.

67.     Defendants' infringement of the '798 patent has been, and continues to be knowing, intentional, and willful.

68.     Defendants' acts of infringement of the '798 patent have caused and will continue to cause Plastic Omnium immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Plastic Omnium has no adequate remedy at law.

## **COUNT SEVEN**

### **(Infringement of U.S. Patent No. 9,079,490)**

69.     Plastic Omnium repeats and realleges paragraphs 1 through 32 hereof, as if fully set forth herein.

70.     Defendants, in violation of 35 U.S.C. § 271(a), have been and are directly infringing the '490 patent through manufacture, sale, and offer for sale of, at a minimum, LFA (Sonata) Fuel Tank Assemblies in the United States, literally or through the doctrine of equivalents. Attached as Exhibit N is a preliminary claim chart showing by way of non-limiting example how Defendants directly infringe at least claim 1 of the '490 patent.

71.     Defendants, in violation of 35 U.S.C. § 271(b), have been and are indirectly infringing the '490 patent by actively, knowingly, and intentionally inducing infringement of the '490 patent by others, including Defendants' customers. Since Defendants have been aware of the '490 patent, Defendants have known and intended that its customers engage in acts of infringement that include the use and sale of Defendants' infringing fuel tank assemblies and/or automobiles incorporating Defendants' infringing fuel tank assemblies.

14

72.     Defendants' acts of infringement of the '490 patent have caused and will continue to cause Plastic Omnium damages for which Plastic Omnium is entitled to compensation pursuant to 35 U.S.C. § 284, including lost profits and/or a reasonably royalty. But for Defendants' infringement of the '490 patent, a Plastic Omnium group company would have sold the LFA (Sonata) Fuel Tank Assemblies to Hyundai, and Plastic Omnium would have made additional profits.

73.     Defendants' infringement of the '490 patent has been, and continues to be knowing, intentional, and willful.

74.     Defendants' acts of infringement of the '490 patent have caused and will continue to cause Plastic Omnium immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. Plastic Omnium has no adequate remedy at law.

**DEMAND FOR JURY TRIAL**

75.     Plastic Omnium demands a jury trial of all issues in this action so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plastic Omnium requests judgment against Defendants as follows:

1.     Adjudging that Defendants have infringed the '921, '812, '253, '604, '228, '798 and '490 patents in violation of 35 U.S.C. § 271;

2.     Granting an injunction permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing the '921, '812, '253, '604, '228, '798 and '490 patents;

3.      Ordering Defendants to account and pay damages adequate to compensate Plastic Omnium for Defendants' infringement of the '921, '812, '253, '604, '228, '798 and '490 patents, with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

4.      Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

5.      Declaring this case exceptional and awarding Plastic Omnium its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

6.      Awarding such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED,

Dated: March 23, 2016

 _/s/ Chad S.C. Stover_____
Chad S.C. Stover (No. 4919)
BARNES & THORNBURG LLP
1000 N. West Street, Suite 1500
Wilmington, Delaware 19801-1050
Telephone: (302) 300-3474
Facsimile: (302) 300-3456
E-mail: chad.Stover@btaw.com

Robert C. Mattson (*pro hac vice* forthcoming)
Eric W. Schweibenz (*pro hac vice* forthcoming)
Vincent K. Shier (*pro hac vice* forthcoming)
OBLON, McCLELLAND,
   MAIER & NEUSTADT, L.L.P.
1940 Duke Street
Alexandria, VA 22314
Telephone: (703) 413-3000
Facsimile: (703) 413-2220
E-mail: rmattson@oblon.com
E-mail: eschweibenz@oblon.com
E-mail: vshier@oblon.com

*Attorneys for Plaintiff*