**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

PLASTIC OMNIUM ADVANCED )
INNOVATION AND RESEARCH, )
                 )
        Plaintiff, )
                 )    C.A. No. 16-187-LPS-CJB
        v. )
                 )    **JURY TRIAL DEMANDED**
DONGHEE AMERICA, INC. and )
DONGHEE ALABAMA, LLC, )
                 )
        Defendants. )

**DEFENDANTS DONGHEE AMERICA, INC. AND DONGHEE
ALABAMA, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO
PLAINTIFF'S COMPLAINT AND COUNTERCLAIMS AGAINST PLAINTIFF**

Defendants Donghee America, Inc. and Donghee Alabama, LLC (together, "Donghee" or "Defendants") hereby set forth their Answer and Affirmative Defenses to Plaintiff Plastic Omnium Advanced Innovation and Research's ("Plastic Omnium" or "Plaintiff") Complaint as follows:

**PRELIMINARY STATEMENT**

1.      Donghee admits that the Complaint purports to set forth an action for patent infringement arising under the patent laws of the United States. Donghee denies that it infringes or has infringed United States Patent Nos. 6,814,921 ("'921 patent"), 6,866,812 ("'812 patent"), 7,166,253 ("'253 patent"), 8,122,604 ("'604 patent"), 8,163,228 ("'228 patent"), 8,591,798 ("'798 patent"), and 9,079,490 ("'490 patent") (together, "Asserted Patents").

All of the allegations, averments, statements, or assertions made in the Complaint not expressly admitted are denied. The numbered paragraphs in this Answer correspond to the

numbered paragraphs of the Complaint.  Headings used by Plaintiff in the Complaint are restated below for ease of reference, but no admission is made thereby.

## PARTIES

1.      Donghee lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1 of the Complaint, and on that basis denies them.

2.      Defendants admit that Donghee America, Inc. is a corporation organized under the laws of Delaware and has its principal place of business in Auburn, Alabama.  Except as expressly admitted, Defendants deny the allegations in Paragraph 2 of the Complaint.

3.      Defendants admit (i) Donghee Alabama, LLC is a limited liability company organized under the laws of Delaware and has its principal place of business in Auburn, Alabama, (ii) from August 2013-March 2016 Donghee Alabama, LLC manufactured and sold the accused automotive fuel tanks to Donghee America, Inc., and Donghee America, Inc. in turn sold those automotive fuel tanks to Hyundai Motors Manufacturing Alabama, LLC, (iii) since March 2016 Donghee Alabama, LLC manufactured and sold the accused automotive fuel tanks to Hyundai Motors Manufacturing Alabama LLC, and (iv) Donghee Alabama, LLC was previously named Kautex-Donghee LLC.  Except as expressly admitted, Defendants deny the allegations in Paragraph 3 of the Complaint.

4.      Defendants admit that Donghee Alabama, LLC manufactures, sells, and distributes automotive fuel tanks in the United States to Hyundai Motor Manufacturing Alabama, LLC as set forth in paragraph 3 above, and certain other automotive fuel tanks not accused of infringement to Kia Motors Manufacturing Georgia, Inc.  Except as expressly admitted, Defendants deny the allegations in Paragraph 4 of the Complaint.

## JURISDICTION

5.       Paragraph 5 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is necessary, Donghee admits that the present action purports to be for patent infringement arising under the patent laws of the United States and that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) over the claims brought against Donghee in this suit, but Donghee denies any liability thereunder.

6.       Paragraph 6 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is necessary, Defendants admit that the Court has personal jurisdiction over Donghee America, Inc. for purposes of this litigation.

7.       Paragraph 7 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is necessary, Defendants admit that the Court has personal jurisdiction over Donghee Alabama, LLC for purposes of this litigation.

## VENUE

8.       Paragraph 8 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is necessary, Donghee admits that venue is proper in the District.  Donghee denies that this District is the most convenient venue.  Except as expressly admitted, Donghee denies the allegations in Paragraph 8 of the Complaint.

## FACTS

### The Asserted Patents

9.       Donghee admits that the Asserted Patents generally relate to the manufacture of automotive fuel tanks.  Donghee denies that all of the Asserted Patents relate to a "twin-sheet blow molding" process.  Donghee lacks knowledge or information sufficient to form a belief

about the truth of the remainder of the allegations in Paragraph 9 of the Complaint, and on that basis denies them.

10.     Donghee admits that the '921 patent is titled "Method for Making a Fuel Tank in Plastic Material," and that it appears on its face to have issued on November 9, 2004, but denies that it was "duly and legally issued."  Donghee further admits that Jules-Joseph Van Schaftingen, Yannick Gerard, Serge Dupont, and Stéphane Leonard are listed on the face of the '921 patent as the inventors.  Donghee further admits that Exhibit A purports to be a copy of the '921 patent. Donghee lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 10 of the Complaint, and on that basis denies them.

11.     Donghee lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 11 of the Complaint, and on that basis denies them.

12.     Donghee admits that the '812 patent is titled "Process for Manufacturing Hollow Plastic Bodies," and that it appears on its face to have issued on March 15, 2005, but denies that it was "duly and legally issued."  Donghee further admits that Jules-Joseph Van Schaftingen, Yannick Gerard, Serge Dupont, Stéphane Leonard, and Joël Op De Beeck are listed on the face of the '812 patent as the inventors.  Donghee further admits that Exhibit C purports to be a copy of the '812 patent.  Donghee lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 12 of the Complaint, and on that basis denies them.

13.     Donghee lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 13 of the Complaint, and on that basis denies them.

14.     Donghee admits that the '253 patent is titled "Process for Manufacturing Hollow Plastic Bodies," and that it appears on its face to have issued on January 23, 2007, but denies that

it was "duly and legally issued." Donghee further admits that Jules-Joseph Van Schaftingen, Yannick Gerard, Serge Dupont, Stéphane Leonard, and Joël Op De Beeck are listed on the face of the '253 patent as the inventors. Donghee further admits that Exhibit E purports to be a copy of the '253 patent. Donghee lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 14 of the Complaint, and on that basis denies them.

15.     Donghee lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 15 of the Complaint, and on that basis denies them.

16.     Donghee admits that the '604 patent is titled "Method for Fastening an Accessory to a Plastic Fuel Tank," and that it appears on its face to have issued on February 28, 2012, but denies that it was "duly and legally issued." Donghee further admits that Frédéric Jannot, Bjorn Criel, Hughes Masse, Barbara Mabed, and Hervé Lemoine are listed on the face of the '604 patent as the inventors. Donghee further admits that Exhibit G purports to be a copy of the '604 patent. Donghee lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 16 of the Complaint, and on that basis denies them.

17.     Donghee lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17 of the Complaint, and on that basis denies them.

18.     Donghee admits that the '228 patent is titled "Method for Manufacturing a Plastic Fuel Tank," and that it appears on its face to have issued on April 24, 2012, but denies that it was "duly and legally issued." Donghee further admits that Bjorn Criel and Hervé Lemoine are listed on the face of the '228 patent as the inventors. Donghee further admits that Exhibit I purports to be a copy of the '228 patent. Donghee lacks knowledge or information sufficient to form a belief

about the truth of the remainder of the allegations in Paragraph 18 of the Complaint, and on that basis denies them.

19.     Donghee lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19 of the Complaint, and on that basis denies them.

20.     Donghee admits that the '798 patent is titled "Method for Fastening an Accessory in a Plastic Fuel Tank," and that it appears on its face to have issued on November 26, 2013, but denies that it was "duly and legally issued."  Donghee further admits that Bjorn Criel, Jules-Joseph Van Schaftingen, and Pascal De Henau are listed on the face of the '798 patent as the inventors.  Donghee further admits that Exhibit K purports to be a copy of the '798 patent. Donghee lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 20 of the Complaint, and on that basis denies them.

21.     Donghee lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 of the Complaint, and on that basis denies them.

22.     Donghee admits that the '490 patent is titled "Method for Fastening an Accessory to a Plastic Fuel Tank," and that it appears on its face to have issued on July 14, 2015, but denies that it was "duly and legally issued."  Donghee further admits that Hervé Lemoine and Frédéric Jannot are listed on the face of the '490 patent as the inventors.  Donghee further admits that Exhibit M purports to be a copy of the '490 patent.  Donghee lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 22 of the Complaint, and on that basis denies them.

23.     Donghee lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 of the Complaint, and on that basis denies them.

**Defendants' Allegedly Infringing Activities**

24.     Donghee admits that it manufactures the LFA Fuel Tank at its facility in Auburn, Alabama for the Hyundai Sonata model years 2014-2016 and that the current production run is scheduled to end in 2019.  Except as expressly admitted, Donghee denies the allegations in Paragraph 24 of the Complaint.

25.     Donghee admits that in or around the early 2010s, Defendants' Korean parent, DH Holdings Co. Ltd., sought to supply automotive fuel tanks to Hyundai Motor Manufacturing Alabama, LLC and Kia Motors Manufacturing Georgia, Inc.  Except as expressly admitted, Donghee denies the allegations in Paragraph 25 of the Complaint.

26.     Donghee denies that Donghee Alabama, LLC is the result of a joint venture involving third party Kautex, Inc. and admits the remaining allegations in Paragraph 26 of the Complaint.

27.     Donghee denies that Kautex, Inc. brought to the joint venture Kautex, Inc.'s knowledge of twin-sheet blow molding for manufacturing automotive fuel tanks.  Donghee lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations in Paragraph 27 of the Complaint, and on that basis denies them.

28.     Donghee lacks knowledge or information sufficient to form a belief about the truth of the allegation that "[p]rior to the formation of Donghee-Kautex, Kautex was aware of Plaintiff Plastic Omnium's patent portfolio relating to twin-sheet blow molding, including the Asserted Patents," and on that basis denies it.  Donghee denies the remainder of the allegations in Paragraph 28 of the Complaint.

29.     Donghee admits that Plaintiff sent a letter to Donghee dated February 25, 2016, stating that Donghee's manufacture, sale, use, and/or offer for sale of the LFA (Sonata) fuel tanks manufactured using technology "inherited from Kautex for the joint venture" infringed the

Asserted Patents.  Except as expressly admitted, Donghee denies the allegations in Paragraph 29 of the Complaint.

30.     Donghee denies the allegations in Paragraph 30 of the Complaint.

31.     Donghee denies the allegations in Paragraph 31 of the Complaint.

32.     Paragraph 32 of the Complaint contains conclusions of law to which no response is required.  To the extent a response is necessary, Donghee denies the allegations in Paragraph 32 of the Complaint.

<u>**COUNT ONE**</u>

**(Alleged Infringement of U.S. Patent No. 6,814,921)**

33.     Donghee repeats its responses to Paragraphs 1-32 as if fully set forth herein.

34.     Donghee denies the allegations in Paragraph 34 of the Complaint.

35.     Donghee denies the allegations in Paragraph 35 of the Complaint.

36.     Donghee denies the allegations in Paragraph 36 of the Complaint.

37.     Donghee denies the allegations in Paragraph 37 of the Complaint.

38.     Donghee denies the allegations in Paragraph 38 of the Complaint.

<u>**COUNT TWO**</u>

**(Alleged Infringement of U.S. Patent No. 6,866,812)**

39.     Donghee repeats its responses to Paragraphs 1-32 as if fully set forth herein.

40.     Donghee denies the allegations in Paragraph 40 of the Complaint.

41.     Donghee denies the allegations in Paragraph 41 of the Complaint.

42.     Donghee denies the allegations in Paragraph 42 of the Complaint.

43.     Donghee denies the allegations in Paragraph 43 of the Complaint.

44.     Donghee denies the allegations in Paragraph 44 of the Complaint.

## COUNT THREE

### (Alleged Infringement of U.S. Patent No. 7,166,253)

45.     Donghee repeats its responses to Paragraphs 1-32 as if fully set forth herein.

46.     Donghee denies the allegations in Paragraph 46 of the Complaint.

47.     Donghee denies the allegations in Paragraph 47 of the Complaint.

48.     Donghee denies the allegations in Paragraph 48 of the Complaint.

49.     Donghee denies the allegations in Paragraph 49 of the Complaint.

50.     Donghee denies the allegations in Paragraph 50 of the Complaint.

## COUNT FOUR

### (Alleged Infringement of U.S. Patent No. 8,122,604)

51.     Donghee repeats its responses to Paragraphs 1-32 as if fully set forth herein.

52.     Donghee denies the allegations in Paragraph 52 of the Complaint.

53.     Donghee denies the allegations in Paragraph 53 of the Complaint.

54.     Donghee denies the allegations in Paragraph 54 of the Complaint.

55.     Donghee denies the allegations in Paragraph 55 of the Complaint.

56.     Donghee denies the allegations in Paragraph 56 of the Complaint.

## COUNT FIVE

### (Alleged Infringement of U.S. Patent No. 8,163,228)

57.     Donghee repeats its responses to Paragraphs 1-32 as if fully set forth herein.

58.     Donghee denies the allegations in Paragraph 58 of the Complaint.

59.     Donghee denies the allegations in Paragraph 59 of the Complaint.

60.     Donghee denies the allegations in Paragraph 60 of the Complaint.

61.     Donghee denies the allegations in Paragraph 61 of the Complaint.

62.     Donghee denies the allegations in Paragraph 62 of the Complaint.

## COUNT SIX

### (Alleged Infringement of U.S. Patent No. 8,591,798)

63.     Donghee repeats its responses to Paragraphs 1-32 as if fully set forth herein.

64.     Donghee denies the allegations in Paragraph 64 of the Complaint.

65.     Donghee denies the allegations in Paragraph 65 of the Complaint.

66.     Donghee denies the allegations in Paragraph 66 of the Complaint.

67.     Donghee denies the allegations in Paragraph 67 of the Complaint.

68.     Donghee denies the allegations in Paragraph 68 of the Complaint.

## COUNT SEVEN

### (Alleged Infringement of U.S. Patent No. 9,097,490)

69.     Donghee repeats its responses to paragraphs 1-32 as if fully set forth herein.

70.     Donghee denies the allegations in Paragraph 70 of the Complaint.

71.     Donghee denies the allegations in Paragraph 71 of the Complaint.

72.     Donghee denies the allegations in Paragraph 72 of the Complaint.

73.     Donghee denies the allegations in Paragraph 73 of the Complaint.

74.     Donghee denies the allegations in Paragraph 74 of the Complaint.

## DEMAND FOR JURY TRIAL

75.     Donghee admits that the Complaint purports to demand a jury trial of all issues in this action so triable.

## PLAINTIFF'S PRAYER FOR RELIEF

Donghee denies that Plaintiff is entitled to any adjudications, injunctions, damages, fees, costs, or other relief either as prayed for in the Complaint or otherwise.

## DONGHEE'S AFFIRMATIVE DEFENSES

Subject to the responses above, and without assuming any burden other than that imposed by operation of law, Donghee asserts the following affirmative and other defenses in response to the allegations in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative and other defenses described below, subject to the response above, Donghee intends to conduct discovery and specifically reserves all rights to assert additional affirmative and other defenses that become known through the course of discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM)

The Complaint fails to state a claim upon which any relief can be granted against Donghee.

## SECOND AFFIRMATIVE DEFENSE
## (NON-INFRINGEMENT)

Donghee does not and has not infringed any valid and enforceable claim of the Asserted Patents, directly or indirectly, literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE
## (INVALIDITY)

Each of the claims of the Asserted Patents is invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 256.

## FOURTH AFFIRMATIVE DEFENSE
## (PROSECUTION DISCLAIMER)

As a result of the proceedings before the United States Patent and Trademark Office ("PTO") during the prosecution of the applications for the Asserted Patents, specifically the admissions, representations, and amendments made by or on behalf of the applicants for the

Asserted Patents, Plaintiff is barred under the doctrine of prosecution disclaimer from asserting any construction of the claims of the Asserted Patents to cover any activity engaged in or product made or sold by Donghee.

### FIFTH AFFIRMATIVE DEFENSE
### (LACHES)

Plaintiff is barred in whole or in part from asserting the Asserted Patents against Donghee by the doctrine of laches.  At a minimum, Plaintiff is barred from recovery of any pre-suit damages.  Plaintiff's delay in asserting infringement against Donghee was prejudicial to Donghee and, on information and belief, unreasonable.

### SIXTH AFFIRMATIVE DEFENSE
### (NO BASIS FOR INJUNCTIVE RELIEF)

Plaintiff is not entitled to injunctive relief because any alleged injury to Plaintiff is not immediate or irreparable, and Plaintiff has an adequate remedy at law and otherwise fails to meet the requirements for injunctive relief.

### SEVENTH AFFIRMATIVE DEFENSE
### (FAILURE TO MARK)

Plaintiff's claim for relief is limited in whole or in part for failure to comply with 35 U.S.C. § 287 by the lawful owner of the Asserted Patents and/or its licensees.

### EIGHTH AFFIRMATIVE DEFENSE
### (TIME-BARRED DAMAGES)

To the extent Plaintiff seeks to recover damages for alleged acts of infringement more than six years prior to the filing of the Complaint in this case, such relief is barred pursuant to 35 U.S.C. § 286.

## NINTH AFFIRMATIVE DEFENSE
### (NO INFRINGEMENT UNDER DOCTRINE OF EQUIVALENTS)

Plaintiff is barred from asserting infringement under the doctrine of equivalents by the doctrine of prosecution history estoppel, the dedication disclosure rule, and/or the claim vitiation doctrine.

## TENTH AFFIRMATIVE DEFENSE
### (NO COSTS)

Plaintiff is barred from recovering costs in connection with this lawsuit under 35 U.S.C. § 288.

## ELEVENTH AFFIRMATIVE DEFENSE
### (INEQUITABLE CONDUCT)

The '604 patent is unenforceable because of the inequitable conduct of at least named inventors Frédéric Jannot and Bjorn Criel and the patent prosecutors of record before the PTO, Philippe J.C. Signore, an attorney with the law firm Oblon, McClelland, Maier & Neustadt, L.L.P, and Beatrice C. Ortego, a patent agent with Solvay North America, LLC, the original assignee of the patent.  Each person had personal knowledge of and deliberately withheld and/or omitted from disclosing material prior art and information during the prosecution of the patent application that issued as the '604 patent in violation of the duty to prosecute patent applications with candor, good faith, and honesty under 37 C.F.R. § 1.56.  In particular, Jannot, Criel, Signore, and Ortego each failed to disclose at least U.S. Patent Pub. No. 2002/0020487 to Vorenkamp et al. (and/or its related patent, U.S. Patent No. 6,726,967 to Vorenkamp et al.) to the examiner of the '604 patent application.

The Vorenkamp patent publication is titled "Adapter for welding objects to plastic," and, like the '604 patent, it discloses a way for attaching a fuel system accessory to a plastic fuel tank

during its manufacture.  Vorenkamp expressly recognizes that the wall of the fuel tank shrinks after it has been blow molded, as it cools, and that the shrinkage creates stress at the points where the accessory is attached to the tank wall.  To solve the problem of shrinkage-induced stress, Vorenkamp discloses a fastening device that attaches the accessory to the tank wall via two or more flexible mounting points, which flex as the tank shrinks and thereby overcomes the stress that would have been generated had the accessory been incorporated using nonflexible mounting points.

The '604 patent is directed to the same problem of attaching a fuel system accessory to the tank wall without generating stress as the tank shrinks.  *See* '604 patent at 1:45-55, 2:7-11. Further, the '604 patent solves the problem in exactly the same way as Vorenkamp.  Specifically, claim 10 of the '604 patent recites "an accessory fastenable at at least two fastening points on a wall of the fuel tank during molding of the fuel tank, the accessory including a fastening part that is moveably fastenable to the wall of the fuel tank such that the accessory is moveable relative to the at least one of the at least two fastening points on the wall of the fuel tank…."  Claim 1, the other independent claim of the '604 patent, has an analogous requirement.  Accordingly, a reasonable patent examiner would have considered the Vorenkamp patent publication material to the patentability of the claims of the '604 patent.

Jannot, Criel, Signore, and Ortego each knew of the Vorenkamp patent publication at least because they reviewed and described it in the specification of Plaintiff's U.S. Patent No. 8,580,064, which was filed during the pendency of the '604 patent.  Like the '604 patent, Jannot and Criel are named inventors of U.S. Patent No. 8,580,064, and it was prosecuted by Ortego and Signore.

The conduct of Jannot, Criel, Signore, and Ortego in connection with the prosecution of the '604 patent application establishes a pattern of conduct in failing to disclose material prior art and information with an intent to deceive or mislead the PTO.  Their conduct was inequitable and renders the '604 patent unenforceable.

## <u>COUNTERCLAIMS</u>

For its counterclaims against Plastic Omnium, Counterclaimants Donghee America, Inc. and Donghee Alabama, LLC alleges as follows:

1.      Donghee incorporates what is set out in the preceding paragraphs of the Answer as if fully set forth herein.

2.      Donghee America, Inc. is a corporation organized under the laws of Delaware and has its principal place of business in Auburn, Alabama.

3.      Donghee Alabama, LLC is a limited liability company organized under the laws of Delaware and has its principal place of business in Auburn, Alabama.

4.      Upon information and belief, Plastic Omnium is a société anonyme organized under the laws of Belgium and has its principal place of business in Brussels, Belgium.

5.      This Court has subject matter jurisdiction over Donghee's counterclaims for declaratory judgments that the Asserted Patents are not infringed, invalid, and unenforceable pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

6.      This Court has personal jurisdiction over these counterclaims because of the already-pending action initiated by Plastic Omnium for infringement of the Asserted Patents.

7.      Subject to its answers above, venue for these counterclaims is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c).  Venue is also proper because Plastic

Omnium has consented to the propriety of this Court by filing its claims for patent infringement in this Court, in response to which these counterclaims are asserted.

8.      Plastic Omnium's Complaint for patent infringement has established an actual and justiciable controversy between Donghee and Plastic Omnium with respect to the validity, infringement, and enforceability, or lack thereof, of the Asserted Patents.

**FIRST COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '921 PATENT)**

9.      Donghee restates and incorporates by reference the allegations of Paragraphs 1-8 of these counterclaims as if fully set forth herein.

10.     An actual and justiciable controversy exists between Donghee and Plastic Omnium as to whether Donghee infringes any of the claims of the '921 patent, as Plastic Omnium contends, or does not do so, as Donghee contends.

11.     By this counterclaim, Donghee seeks a declaration that it has not infringed and does not infringe any valid and enforceable claim of the '921 patent, directly or indirectly, willfully or otherwise.  A judicial declaration is necessary and appropriate at this time so that Donghee may ascertain its rights and duties with respect to the '921 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its automotive fuel tank products.

**SECOND COUNTERCLAIM**
**(DECLARATORY JUDGMENT OF INVALIDITY OF THE '921 PATENT)**

12.     Donghee restates and incorporates by reference the allegations of Paragraphs 1-8 of these counterclaims as if fully set forth herein.

13.     An actual and justiciable controversy exists between Donghee and Plastic Omnium as to whether the claims of the '921 patent are valid, as Plastic Omnium contends, or

are invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 256, as Donghee contends.

14.     By this counterclaim, Donghee seeks a declaration that the claims of the '921 patent are invalid.  A judicial declaration is necessary and appropriate at this time so that Donghee may ascertain its rights and duties with respect to the '921 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its automotive fuel tank products.

### THIRD COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '812 PATENT)

15.     Donghee restates and incorporates by reference the allegations of Paragraphs 1-8 of these counterclaims as if fully set forth herein.

16.     An actual and justiciable controversy exists between Donghee and Plastic Omnium as to whether Donghee infringes any of the claims of the '812 patent, as Plastic Omnium contends, or does not do so, as Donghee contends.

17.     By this counterclaim, Donghee seeks a declaration that it has not infringed and does not infringe any valid and enforceable claim of the '812 patent, directly or indirectly, willfully or otherwise.  A judicial declaration is necessary and appropriate at this time so that Donghee may ascertain its rights and duties with respect to the '812 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its automotive fuel tank products.

## FOURTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '812 PATENT)

18.    Donghee restates and incorporates by reference the allegations of Paragraphs 1-8 of these counterclaims as if fully set forth herein.

19.    An actual and justiciable controversy exists between Donghee and Plastic Omnium as to whether the claims of the '812 patent are valid, as Plastic Omnium contends, or are invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 256, as Donghee contends.

20.    By this counterclaim, Donghee seeks a declaration that the claims of the '812 patent are invalid.  A judicial declaration is necessary and appropriate at this time so that Donghee may ascertain its rights and duties with respect to the '812 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its automotive fuel tank products.

## FIFTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '253 PATENT)

21.    Donghee restates and incorporates by reference the allegations of Paragraphs 1-8 of these counterclaims as if fully set forth herein.

22.    An actual and justiciable controversy exists between Donghee and Plastic Omnium as to whether Donghee infringes any of the claims of the '253 patent, as Plastic Omnium contends, or does not do so, as Donghee contends.

23.    By this counterclaim, Donghee seeks a declaration that it has not infringed and does not infringe any valid and enforceable claim of the '253 patent, directly or indirectly, willfully or otherwise.  A judicial declaration is necessary and appropriate at this time so that

Donghee may ascertain its rights and duties with respect to the '253 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its automotive fuel tank products.

### SIXTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF INVALIDITY OF THE '253 PATENT)

24.     Donghee restates and incorporates by reference the allegations of Paragraphs 1-8 of these counterclaims as if fully set forth herein.

25.     An actual and justiciable controversy exists between Donghee and Plastic Omnium as to whether the claims of the '253 patent are valid, as Plastic Omnium contends, or are invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 256, as Donghee contends.

26.     By this counterclaim, Donghee seeks a declaration that the claims of the '253 patent are invalid.  A judicial declaration is necessary and appropriate at this time so that Donghee may ascertain its rights and duties with respect to the '253 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its automotive fuel tank products.

### SEVENTH COUNTERCLAIM
### (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '604 PATENT)

27.     Donghee restates and incorporates by reference the allegations of Paragraphs 1-8 of these counterclaims as if fully set forth herein.

28.     An actual and justiciable controversy exists between Donghee and Plastic Omnium as to whether Donghee infringes any of the claims of the '604 patent, as Plastic Omnium contends, or does not do so, as Donghee contends.

29.     By this counterclaim, Donghee seeks a declaration that it has not infringed and does not infringe any valid and enforceable claim of the '604 patent, directly or indirectly, willfully or otherwise.  A judicial declaration is necessary and appropriate at this time so that Donghee may ascertain its rights and duties with respect to the '604 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its automotive fuel tank products.

## EIGHTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '604 PATENT)

30.     Donghee restates and incorporates by reference the allegations of Paragraphs 1-8 of these counterclaims as if fully set forth herein.

31.     An actual and justiciable controversy exists between Donghee and Plastic Omnium as to whether the claims of the '604 patent are valid, as Plastic Omnium contends, or are invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 256, as Donghee contends.

32.     By this counterclaim, Donghee seeks a declaration that the claims of the '604 patent are invalid.  A judicial declaration is necessary and appropriate at this time so that Donghee may ascertain its rights and duties with respect to the '604 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its automotive fuel tank products.

## NINTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF UNENFORCEABILITY OF THE '604 PATENT)

33.     Donghee restates and incorporates by reference the allegations of Paragraphs 1-8 of these counterclaims as if fully set forth herein.

34.     An actual and justiciable controversy exists between Donghee and Plastic Omnium as to whether the claims of the '604 patent are enforceable, as Plastic Omnium contends, or are unenforceable because of inequitable conduct during the prosecution of the patent application that became the '604 patent, as Donghee contends.

35.     The '604 patent is unenforceable because of the inequitable conduct of at least named inventors Frédéric Jannot and Bjorn Criel and the patent prosecutors of record before the PTO, Philippe J.C. Signore, an attorney with the law firm Oblon, McClelland, Maier & Neustadt, L.L.P, and Beatrice C. Ortego, a patent agent with Solvay North America, LLC, the original assignee of the patent.  Each person had personal knowledge of and deliberately withheld and/or omitted from disclosing material prior art and information during the prosecution of the patent application that issued as the '604 patent in violation of the duty to prosecute patent applications with candor, good faith, and honesty under 37 C.F.R. § 1.56.  In particular, Jannot, Criel, Signore, and Ortego each failed to disclose at least U.S. Patent Pub. No. 2002/0020487 to Vorenkamp et al. (and/or its related patent, U.S. Patent No. 6,726,967 to Vorenkamp et al.) to the examiner of the '604 patent application.

36.     The Vorenkamp patent publication is titled "Adapter for welding objects to plastic," and, like the '604 patent, it discloses a way for attaching a fuel system accessory to a plastic fuel tank during its manufacture.  Vorenkamp expressly recognizes that the wall of the fuel tank shrinks after it has been blow molded, as it cools, and that the shrinkage creates stress at the points where the accessory is attached to the tank wall.  To solve the problem of shrinkage-induced stress, Vorenkamp discloses a fastening device that attaches the accessory to the tank wall via two or more flexible mounting points, which flex as the tank shrinks and thereby

overcomes the stress that would have been generated had the accessory been incorporated using nonflexible mounting points.

37.     The '604 patent is directed to the same problem of attaching a fuel system accessory to the tank wall without generating stress as the tank shrinks.  *See* '604 patent at 1:45-55, 2:7-11.  Further, the '604 patent solves the problem in exactly the same way as Vorenkamp.  Specifically, claim 10 of the '604 patent recites "an accessory fastenable at at least two fastening points on a wall of the fuel tank during molding of the fuel tank, the accessory including a fastening part that is moveably fastenable to the wall of the fuel tank such that the accessory is moveable relative to the at least one of the at least two fastening points on the wall of the fuel tank…."  Claim 1, the other independent claim of the '604 patent, has an analogous requirement.  Accordingly, a reasonable patent examiner would have considered the Vorenkamp patent publication material to the patentability of the claims of the '604 patent.

38.     Jannot, Criel, Signore, and Ortego each knew of the Vorenkamp patent publication at least because they reviewed and described it in the specification of Plaintiff's U.S. Patent No. 8,580,064, which was filed during the pendency of the '604 patent.  Like the '604 patent, Jannot and Criel are named inventors of U.S. Patent No. 8,580,064, and it was prosecuted by Ortego and Signore.

39.     The conduct of Jannot, Criel, Signore, and Ortego in connection with the prosecution of the '604 patent application establishes a pattern of conduct in failing to disclose material prior art and information with an intent to deceive or mislead the PTO.  Their conduct was inequitable and renders the '604 patent unenforceable.

40.     By this counterclaim, Donghee seeks a declaration that the claims of the '604 patent are unenforceable.  A judicial declaration is necessary and appropriate at this time so that

Donghee may ascertain its rights and duties with respect to the '604 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its automotive fuel tank products.

## TENTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '228 PATENT)

41.     Donghee restates and incorporates by reference the allegations of Paragraphs 1-8 of these counterclaims as if fully set forth herein.

42.     An actual and justiciable controversy exists between Donghee and Plastic Omnium as to whether Donghee infringes any of the claims of the '228 patent, as Plastic Omnium contends, or does not do so, as Donghee contends.

43.     By this counterclaim, Donghee seeks a declaration that it has not infringed and does not infringe any valid and enforceable claim of the '228 patent, directly or indirectly, willfully or otherwise.  A judicial declaration is necessary and appropriate at this time so that Donghee may ascertain its rights and duties with respect to the '228 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its automotive fuel tank products.

## ELEVENTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '228 PATENT)

44.     Donghee restates and incorporates by reference the allegations of Paragraphs 1-8 of these counterclaims as if fully set forth herein.

45.     An actual and justiciable controversy exists between Donghee and Plastic Omnium as to whether the claims of the '228 patent are valid, as Plastic Omnium contends, or are invalid for failure to satisfy the conditions of patentability as specified under one or more

sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 256, as Donghee contends.

46.     By this counterclaim, Donghee seeks a declaration that the claims of the '228 patent are invalid.  A judicial declaration is necessary and appropriate at this time so that Donghee may ascertain its rights and duties with respect to the '228 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its automotive fuel tank products.

## TWELTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '798 PATENT)

47.     Donghee restates and incorporates by reference the allegations of Paragraphs 1-8 of these counterclaims as if fully set forth herein.

48.     An actual and justiciable controversy exists between Donghee and Plastic Omnium as to whether Donghee infringes any of the claims of the '798 patent, as Plastic Omnium contends, or does not do so, as Donghee contends.

49.     By this counterclaim, Donghee seeks a declaration that it has not infringed and does not infringe any valid and enforceable claim of the '798 patent, directly or indirectly, willfully or otherwise.  A judicial declaration is necessary and appropriate at this time so that Donghee may ascertain its rights and duties with respect to the '798 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its automotive fuel tank products.

## THIRTEENTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '798 PATENT)

50.     Donghee restates and incorporates by reference the allegations of Paragraphs 1-8 of these counterclaims as if fully set forth herein.

51.     An actual and justiciable controversy exists between Donghee and Plastic Omnium as to whether the claims of the '798 patent are valid, as Plastic Omnium contends, or are invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 256, as Donghee contends.

52.     By this counterclaim, Donghee seeks a declaration that the claims of the '798 patent are invalid.  A judicial declaration is necessary and appropriate at this time so that Donghee may ascertain its rights and duties with respect to the '798 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its automotive fuel tank products.

## FOURTEENTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '490 PATENT)

53.     Donghee restates and incorporates by reference the allegations of Paragraphs 1-8 of these counterclaims as if fully set forth herein.

54.     An actual and justiciable controversy exists between Donghee and Plastic Omnium as to whether Donghee infringes any of the claims of the '490 patent, as Plastic Omnium contends, or does not do so, as Donghee contends.

55.     By this counterclaim, Donghee seeks a declaration that it has not infringed and does not infringe any valid and enforceable claim of the '490 patent, directly or indirectly, willfully or otherwise.  A judicial declaration is necessary and appropriate at this time so that Donghee may ascertain its rights and duties with respect to the '490 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its automotive fuel tank products.

## FIFTEENTH COUNTERCLAIM
## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '490 PATENT)

56.     Donghee restates and incorporates by reference the allegations of Paragraphs 1-8 of these counterclaims as if fully set forth herein.

57.     An actual and justiciable controversy exists between Donghee and Plastic Omnium as to whether the claims of the '490 patent are valid, as Plastic Omnium contends, or are invalid for failure to satisfy the conditions of patentability as specified under one or more sections of Title 35 of the U.S. Code, including, without limitation, 35 U.S.C. §§ 101, 102, 103, 112, 116 and/or 256, as Donghee contends.

58.     By this counterclaim, Donghee seeks a declaration that the claims of the '490 patent are invalid.  A judicial declaration is necessary and appropriate at this time so that Donghee may ascertain its rights and duties with respect to the '490 patent and with respect to any past, present, or future manufacture, use, importation, distribution, sale, or offer for sale of its automotive fuel tank products.

## DEMAND FOR JURY TRIAL

Donghee demands a jury trial of all issues in this action so triable.

## PRAYER FOR RELIEF

WHEREFORE, Donghee prays for relief as follows:

    A.     Plaintiff take nothing by the Complaint;

    B.     The Court enter judgment in favor of Defendants in this action, and deny Plaintiff all requested relief;

    C.      The Court find and declare that Donghee does not infringe and has not infringed any claim of the Asserted Patents;

D.      The Court find and declare that the claims of the Asserted Patents are invalid and/or unenforceable;

E.      The Court declare that Plaintiff is barred from asserting infringement of the Asserted Patents against Donghee, and that Plaintiff is not entitled to any relief at law or in equity;

F.      The Court finds that this is an exceptional case entitling Donghee to its reasonable attorney fees under 35 U.S.C. § 285;

G.      The Court award Donghee its costs and reasonable attorney fees; and

H.      The Court grant Donghee all other and further relief that the Court deems just and proper.

                                POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Robert M. Isackson                  By: */s/ Philip A. Rovner*
Nicholas H. Lam                            Philip A. Rovner (#3215)
ORRICK, HERRINGTON &                       Jonathan A. Choa (#5319)
SUTCLIFFE LLP                              Hercules Plaza
51 West 52nd Street                        P.O. Box 951
New York, NY 10019-6142                    Wilmington, DE 19899-0951
(212) 506-5000                             (302) 984-6000
                                           provner@potteranderson.com
                                           jchoa@potteranderson.com


Dated:  August 11, 2016             *Attorneys for Defendants Donghee America, Inc.*
1231226                             *and Donghee Alabama, LLC*